UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YOAN FUENTES,**

    **Plaintiff,**

v.                                      Case No. 8:22-cv-00405-AAS

**EDGE METALS RECYCLING, INC.,
STEVEN H. BYLE, and
MICHAEL E. WORTHAM,**

    **Defendants.**
_____/

**ORDER**

Defendants Edge Metals Recycling, Inc. (Edge Metals), Steven H. Byle, and Michael E. Wortham (collectively, the defendants) move to dismiss Plaintiff Yoan Fuentes's complaint for failure to comply with the Federal Rules of Civil Procedure, or otherwise state a claim. (Doc. 13). In the alternative, the defendants move for a more definite statement. (*Id.*). Mr. Fuentes opposes the defendants' motion. (Doc. 14).

**I.   BACKGROUND**

Mr. Fuentes sued the defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). (Doc. 1). In response, the defendants move to dismiss Mr. Fuentes's complaint arguing he failed to state an FLSA claim and did not allege sufficient facts to bring individual claims

1

against Mr. Byle and Mr. Wortham. (Doc. 13). Mr. Fuentes opposes the defendants' motion and asserts he properly pleaded his claim for unpaid overtime wages and sufficiently alleged the basis for holding the individual defendants liable as "employers" under the FLSA. (Doc. 14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may attack the sufficiency of a pleading under Rule 12(b)(6); that is, a complaint may be attacked—and dismissed—for "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion to dismiss, a court applies the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 679. The court expounded that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In applying the *Twombly–Iqbal* standard to FLSA claims, the Eleventh Circuit has noted that "the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th

Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . .." *Id.* District courts have applied *Labbe* to mean that "where a complaint alleges that since a certain date, the defendant repeatedly violated stated provisions of the FLSA by failing to compensate employees in excess of forty hours a week at the appropriate rates the requisite pleading standard is satisfied." *Houston v. JT Private Duty Home Care, LLC*, No. 2:14-cv-245-FtM-38DNF, 2014 WL 4854528, at *4 (M.D. Fla. Sept. 29, 2014) (internal quotation marks and alterations omitted).

In addition, "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." *Ramos v. Aventura Limousine & Transp. Serv.*, Inc., No. 12-21693-CIV, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012); *see also Dobbins v. Scriptfleet, Inc.*, No. 8:11-cv-1923-T-24AEP, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012) (rejecting the argument that a plaintiff must plead an estimate of the number of uncompensated hours worked).

### III. ANALYSIS

Mr. Fuentes's complaint alleges he worked for Edge Metals from mid-September 2021 through January 31, 2022, and he was paid $13.00 per hour. (*Id.,* ¶¶ 20, 24). Mr. Fuentes alleges he worked more than forty hours in a week

3

but was not paid overtime wages. (*Id.,* ¶¶ 20, 24). *See Mankin v. Hair Therapy for Women, LLC*, No. 8:15-cv-2071-VMC-JSS, 2015 WL 5953239, at *1 (M.D. Fla. Oct. 13, 2015) ("[W]here a complaint alleges that since a certain date, the defendant repeatedly violated stated provisions of the FLSA by failing to compensate employees in excess of forty hours a week at the appropriate rates the requisite pleading standard is satisfied." (internal quotation marks and citation omitted)); *see also Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, No. 8:18-cv-2745-TPB-CPT, 2020 WL 2476043, at *4 (M.D. Fla. Apr. 22, 2020) ("Rodriguez satisfies these pleading requirements. In particular, he alleges that he worked in excess of forty hours a week during his tenure at City Buffet and that the Defendants failed to compensate him at the time-and-a-half rate. In light of the above, I find that the well-pleaded allegations underlying Counts I and II establish the Defendants' liability to Rodriguez for violations of the FLSA's overtime provision.").

Although brief in its allegations, the court finds Mr. Fuentes's complaint sufficiently pleads a claim under the FLSA. Mr. Fuentes alleges that since a certain date, the defendants violated provisions of the FLSA by failing to compensate him (their employee) in excess of forty hours a week at the appropriate rates. *See Houston*, 2014 WL 4854528, at *4. Mr. Fuentes did not have to plead an estimate of the back wages owed. *Dobbins*, 2012 WL 601145, at *3.

As to Mr. Fuentes's claims against Mr. Byle and Mr. Wortham individually, a corporate officer with operational control of a corporation covered by the FLSA may be individually liable. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Whether an individual is an "employer" depends on the "'circumstances of the whole activity'" not on isolated factors. *Alvarez Perez*, 515 F.3d at 1160 (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F2d 235, 237 (5th Cir. 1973)).

Even occasional control over business operations subjects an individual corporate officer to liability. *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845 (11th Cir. 2009). The term "operational control" includes management of day-to-day business functions such as employee compensation, 'direct responsibility for the supervision' of employees, or general operations." *Baltzley v. Berkley Group, Inc.*, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010) (finding similar allegations sufficient to establish individual liability) (quoting *Patel*, 803 F.2d at 638).

Courts do not require exacting details to subject an individual to liability as a statutory employer under the FLSA. *See, e.g.*, *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095, at *8 (S.D. Fla. July 13, 2009)

5

(finding similar allegations that individual was a "corporate officer" and "ran the day to day operations of the Corporate Defendant" were sufficient to withstand dismissal); accord *McClain v. Expand, Inc.*, 6:15-cv-1464-Orl-31DAB, 2016 WL 11583376, at *3 (M.D. Fla. May 10, 2016) (denying dismissal where complaint alleged that "each of the Individual Defendants regularly controlled operations and finances"); *Williams v. Moody Manor, Inc.*, 2016 WL 11214666, at *2 (S.D. Fla. June 23, 2016).

Mr. Fuentes's complaint alleges both Mr. Byle and Mr. Wortham "w[ere] and [are] an owner/officer/director/manager of [Edge Metals] for the time period relevant to this lawsuit." (Doc. 1, ¶¶ 6, 7). In addition, Mr. Fuentes alleges Mr. Byle and Mr. Wortham "ran its day-to-day operations, w[ere] responsible for all operational decisions, and w[ere] partially or totally responsible for paying [Mr. Fuentes's] wages." (*Id.*). Mr. Fuentes further alleges Mr. Byle and Mr. Wortham were Mr. Fuentes's "direct employers, joint employers, and co-employers for purposes of the FLSA, as the term 'employer' is defined by 29 U.S.C. §203(d)." (*Id.*, ¶ 12). If true, these factual allegations would be sufficient to qualify Mr. Byle and Mr. Wortham as employers subject to individual liability under the FLSA.

## IV.   CONCLUSION

The defendants' motion to dismiss (Doc. 13) is **DENIED**. The defendants must respond to Mr. Fuentes's complaint by **June 10, 2022**.

**ORDERED** in Tampa, Florida on May 18, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge